CHESEBRO BROTHERS & ROBBINS INCORPORATED, a Corporation, *Plaintiff in Error*, vs. S. R. MERROW, *Defendant in Error*.

136 So. 665.

En Banc.
Opinion filed September 19, 1931.

*Julian E. Fant,* for Plaintiff in Error;
No appearance for Defendant in Error.

BUFORD, C.J.—Chesebro Brothers & Robbins Incorporated sued S. R. Merrow. The declaration was in three common counts. A bill of particulars was attached showing an indebtedness of the defendant to the plaintiff for the balance of $640.30 due, being the difference between drafts drawn by the defendant on the plaintiff and paid by the plaintiff and credits for shrimp shipped by the defendant to the plaintiff. .

There were three pleas filed. The second plea was abandoned. The first was never was indebted. The third plea, after being amended was as follows:

"That during the latter part of the month of January, A. D. 1928, and the first part of the month of February, A. D. 1928, this defendant consigned to and shipped to the plaintiff certain quantities of shrimp or prawn; and that at the time of such shipment of such shrimp or prawn this defendant advised the plaintiff, through its agents that said shrimp or prawn, so consigned or shipped, were to be placed by the plaintiff in freezer· or on cold storage, and to be so held and kept by the plaintiff subject to further instructions from defendant to be sold by plaintiff on the advance on price on the market in New York City. Contrary to such instructions, and immediately upon receipt of such shipments, the plaintiff sold said shrimp or prawn on a low market, which price was far below what it was within a short time subsequent to the dates of sale, namely during the latter part of February, during the months of March and April, at which times shrimp of this quality were bringing, on the New York Mar-

ket, a price of from seventeen to twenty cents per pound, and by so selling said shipments of shrimp or prawn, by plaintiff, contrary to instructions of this defendant, as aforesaid, defendant suffered great loss; and that should the plaintiff complied with the instructions of defendant, defendant would not have been in anywise indebted to the plaintiff, but that plaintiff was and is still indebted to the defendant and the defendant claims a set-off against the plaintiff and damages in the sum of $2,000.00.''

There was a replication in two counts to the amended third plea. The replication was thereafter amended and thereafter a third replication was filed.

The verdict was for the defendant, upon which judgment was entered in the sum of $478.95, costs.

The only question as presented by the issues which is needful to be considered here is, What was the market price of frozen shrimp on the New York City Market at a reasonable time after the sale by plaintiff of the shrimp shipped by the defendant referred to in the third plea? The only evidence in regard to the market price of frozen shrimp shortly after the shipment was made was given by the defendant himself and was as follows:

''I never sold any freezer stock up there and I do not know of my own knowledge what freezer stock was selling for during the months of February, March and April, 1928, but I saw some invoices of stuff that was sold and the other dealers at St. Augustine received wires and quotations from the N. Y. dealers and I received my information from them. It was customary there to exchange such information. The prices on freezer stock during that period ranged from 17c to 20c a pound. I think Cheesebro Brothers & Robbins were getting 17c a pound.''

The record does not show that this testimony was given in answer to a question, but the record does show that immediately upon this statement being made by the witness the plaintiff, by its attorney, moved to strike the testimony on the following grounds:

"I move to strike the testimony of S. R. Merrow relating to price of frozen stock on the open market of New York City, N. Y. on the ground that such evidence presupposes the existence of better evidence not accounted for and is not the best evidence. And is hearsay."

The motion was denied and an exception noted.

The jury was not authorized to return a verdict in favor of the defendant without proof of loss by reason of advance in the market price as alleged in the third plea and this statement of the witness was equivalent to no evidence at all. The witness stated that he saw some invoices of stuff that was sold. The absence of the invoices was not accounted for. Neither is there any evidence that such invoices were reports of bona fide sales. The witness further says, "Other dealers at St. Augustine received wires and quotations from New York dealers and I received my information from them." That is, in effect, witness testifies that he was told by dealers in St. Augustine that New York dealers had quoted certain prices on frozen shrimp. This was the rankest sort of hearsay.

From this hearsay evidence the witness concluded that during the period mentioned in the third plea the price ranged from 17c to 20c per pound. Then he says, "I think Cheesebro Brothers & Robbins were getting 17c per pound." This was not evidence. It was a mere expression of the conclusion which had been reached by the defendant in his own mind from what appears to have been entirely hearsay evidence. It would be a waste of time of this Court for us to cite authorities supporting the rule which excludes secondary evidence and hearsay evidence.

The court erred in denying the motion to strike the statement of witness referred to. The judgment should be reversed and it is so ordered.

Reversed.

Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.